**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY GILLIAM,<br><br>                    Plaintiff-Appellant,<br><br> v.<br><br>DEBBIE SUE MAGISTRADO; et al.,<br><br>                    Defendants-Appellees. | No. 16-15081<br><br>D.C. No. 2:15-cv-01271-TLN-CKD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted May 24, 2017[**]

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Jerry Gilliam appeals pro se from the district court's judgment dismissing

his diversity action alleging state law claims arising from a custody dispute.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a district court's

dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Hebbe v. Pliler*, 627

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 338, 341 (9th Cir. 2010).  We affirm.

The district court properly dismissed Gilliam's action as barred by the doctrine of res judicata because Gilliam's claims were raised, or could have been raised, in a prior action between the parties that resulted in a final judgment.  *See Adam Bros. Farming, Inc. v. Cnty. of Santa Barbara*, 604 F.3d 1142, 1148-49, 1149 n.5 (9th Cir. 2010) (setting forth elements of res judicata under California law and explaining that it bars subsequent litigation of claims that were raised and claims that could have been raised in the prior action); *see also Stewart v. U.S. Bancorp,* 297 F.3d 953, 957 (9th Cir. 2002) (explaining that a dismissal for failure to state a claim constitutes a final judgment on the merits).

The district court did not abuse its discretion by dismissing Gilliam's action without leave to amend because amendment would have been futile.  *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (setting forth standard of review and explaining that leave to amend can be denied if amendment would be futile).

The district court did not abuse its discretion by denying Gilliam's motion for a new trial or to amend the judgment because Gilliam failed to establish any basis for such relief.  *See State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 718 (9th Cir. 2005) (standard of review); *see also*

16-15081

*Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth grounds for relief under Fed. R. Civ. P. 59(e)).

We do not consider issues not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Aulakh's motion to take judicial notice (Docket Entry No. 5) is granted.

**AFFIRMED.**